AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Jon Ryan Schaffer ) | Case No.   1:21-mj-00094-ZMF |
| ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐**(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
       § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐**(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐**(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
       Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
       (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐**(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a)
       through (c) of this paragraph, or two or more State or local offenses that would have been offenses
       described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
       jurisdiction had existed, or a combination of such offenses; **or**
    ☐**(e)** any felony that is not otherwise a crime of violence but involves:
       **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
       **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
     § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to
     Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was
     committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the
     defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

❒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

❒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

❒ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
❒ Subject to lengthy period of incarceration if convicted
❒ Prior criminal history
❒ Participation in criminal activity while on probation, parole, or supervision

- ❐ History of violence or use of weapons
- ❐ History of alcohol or substance abuse
- ❐ Lack of stable employment
- ❐ Lack of stable residence
- ❐ Lack of financially responsible sureties
- ❐ Lack of significant community or family ties to this district
- ❐ Significant family or other ties outside the United States
- ❐ Lack of legal status in the United States
- ❐ Subject to removal or deportation after serving any period of incarceration
- ❐ Prior failure to appear in court as ordered
- ❐ Prior attempt(s) to evade law enforcement
- ❐ Use of alias(es) or false documents
- ❐ Background information unknown or unverified
- ❐ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

In response to the Government's exhibit of Mr. Schaffer speaking at a rally in November 2020, Mr. Schaffer argues that he was simply explaining his political views. When asked about violence in the video interview, Mr. Schaffer responded that he didn't want violence, but that he was prepared to meet any violence with self defense. In response to the video that shows him entering the Capitol, Mr. Schaffer argues he was only in the building for 60 seconds and only unholstered the bear spray in question because he thought someone was trying to take it. Mr. Schaffer said he is not a flight risk because he voluntarily contacted his lawyer and surrendered himself. He is a high profile musician so would have difficulty fleeing. He has a stable girlfriend, stable residence, and a daughter. He is 52 years old with no criminal history or substance abuse problems. Mr. Schaffer argues the weight of the evidence is weak, as the Government did not provide evidence that he knowingly entered the Capitol building unlawfully. There was no evidence of violence presented and Mr. Schaffer says he is not affiliated with the "Oath Keepers."

Nature and circumstances of offense(s):

This factor weighs in favor of pretrial detention. Mr. Schaffer is charged with carrying a dangerous weapon (bear spray) onto restricted, Capitol grounds. His actions on January 6, 2021, during the certification of the electoral college vote, were shocking to the rule of law and the democratic process. As Chief Judge Howell noted in United States v. Barnett, the title of the offense does not "properly capture the scope of what [the defendant] is accused of doing here."  In this case, there appears to be premeditation and a weapon present. Mr. Schaffer appeared in the video to be one of the first people to breach the Capitol. There is some evidence, and evidence still being developed, that defendant is affiliated with groups that present ongoing threats of danger to the community, e.g., the "Oath Keepers."

The strength of the government's evidence:

This favors pretrial detention. The government presented a number of exhibits at the detention hearing that show Mr. Schaffer was in possession of bear spray. There is video of him clearly entering the Capitol and three police officers that appear to fall back in self defense. Thus, it doesn't seem likely or reasonable Mr. Schaffer was under the impression he was "invited in" by Capitol law enforcement.

The defendant's history and characteristics, including criminal history:

This favors pretrial release. Mr. Schaffer has no criminal history and no documented history of substance abuse. He is employed and has a stable residence. It is true he is within his rights to demonstrate and share his political views through lawful means. This case concerns unlawful means of demonstration. Mr. Schaffer's status as a firearms owner does not have any bearing, negative or positive, on this decision.

The defendant's dangerousness/risk of flight:

This favors pretrial detention. While Mr. Schaffer is most likely not a serious flight risk due to his status as a well-known musician, there remains the concern of danger to the community. Mr. Schaffer's views on the government and current administration are long held. His statements, including the November 2020 interview, show that this was not an isolated event. He has stated there would be "bloodshed" if the current administration came to power. This transfer of power has taken place, so it cannot be assured Mr. Schaffer will not engage in further violence to support his political ideology if released. The Government alleges Mr. Schaffer is a lifetime member of the "Oath Keepers," which is an organization that has questioned the legitimacy of the government and threatened political violence. Last, although Mr. Schaffer claimed he would only respond to violence in self defense, there was no violence directed against him on January 6, 2021, yet he engaged in violent and destructive behavior when he entered the Capitol armed with a weapon.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 03/24/2021

United States Magistrate Judge