UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-MJ-94 (ZMF) |
| | : | |
| **JON SCHAFFER,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

## CONSENT MOTION TO CONTINUE STATUS CONFERENCE AND FOR EXCLUDABLE DELAY

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this Consent Motion to Continue the Status Conference and for Excludable Delay in the above-captioned matter, currently scheduled for April 2, 2021, at 1:00 p.m. for approximately 30 days, until May 3, 2021. The Government and the defendant agree that there is good cause to adjourn the status conference in this case to May 3, 2021, and to toll the Speedy Trial Act. Defendant concurs in this request and agrees that it is in his best interest. Defendant has reviewed this motion and agrees to the May 3, 2021 date. In support thereof, the government states as follows:

1. The government and counsel for the defendant have conferred and are continuing to communicate about this matter. There is voluminous and evolving discovery. The government is in the process of producing preliminary discovery and anticipates making productions of voluminous discovery in the coming weeks. Furthermore, the current restrictions on counsel, particularly those impacting defense counsel's ability to communicate with his client, have slowed this process. The parties agree that the complaint will remain in full force and effect through at least the new date of May 3, 2021. The parties agree that this stipulation and any order resulting therefrom shall not

affect any previous order of pretrial detention.

2. The parties, therefore, would respectfully request that the status conference be continued to May 3, 2021. The parties agree that the failure to grant this continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," 18 U.S.C. § 3161(h)(7)(B)(iv). Therefore, "the ends of justice served by the granting of such continuance [will] outweigh the best interests of the public and the defendant in a speedy trial," 18 U.S.C. § 3161(h)(7)(A), and the parties request an order to that end. The parties agree that pursuant to 18 U.S.C. § 3161, the time from April 2, 2021, through May 3, 2021, shall be excluded in computing the date for speedy trial in this case. Wherefore, the parties respectfully request that the Court continue the status conference in this matter until May 3, 2021.

Dated: April 2, 2021

                              Respectfully submitted,

                              CHANNING B. PHILLIPS
                              ACTING UNITED STATES ATTORNEY

By: _____
        Ahmed M. Baset
        IL Bar No. 630-4552
        Louis Manzo
        MA Bar No. 688-337
        Assistant United States Attorneys
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-7097
        ahmed.baset@usdoj.gov
        louis.manzo@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-MJ-94 (ZMF) |
| : | |
| JON SCHAFFER, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

This matter having come before the Court pursuant to a Motion to Continue, upon consent, it is therefore

ORDERED that good cause exists to adjourn the Status Conference in this case from April 2, 2021 to May 3, 2021.  *See* Fed. R. Crim. P. 5.1(d).  The parties shall appear for a Status Conference at_____ on May 3, 2021.

ORDERED that the complaint and previous order of pre-trial detention remain in full force and effect.

ORDERED that the period from April 2, 2021 through May 3, 2021 shall be excluded from computing the time within which an information or indictment must be filed under the Speedy Trial Act because the ends of justice served by such a continuance outweigh the interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. §§ 3161(h)(1) & (h)(7).  The Court finds that COVID-19 has presented complications here that make it difficult for defense to meet with his client and prepare, that there is voluminous and evolving discovery, and that delay is necessary for the parties to work on a potential resolution.

It Is So Ordered.

_____
Zia M. Faruqui
United States Magistrate Judge

Entered: _____

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the Consent Motion to Continue Status Conference and for Excludable Delay was served upon counsel of record for the defendant through the electronic court filing system, this 2nd day of April 2021.

By: _____
Ahmed M. Baset
Assistant United States Attorney
IL Bar No. 630-4552
555 4th Street, N.W., Rm. 5223
Washington, D.C. 20530
(202) 252-7097
ahmed.baset@usdoj.gov